UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marcus L. Wallace,

        Petitioner,        Case No. 19-cv-10234

v.

                                 Judith E. Levy
Tony Trierweiler,        United States District Judge

        Respondent.       Mag. Judge Stephanie Dawkins Davis
_____/

**OPINION AND ORDER GRANTING THE MOTION TO DISMISS [7], DISMISSING THE HABEAS PETITION [1], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Marcus L. Wallace, a Michigan prisoner at the St. Louis Correctional Facility in St. Louis, Michigan, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging his Wayne County (Michigan) convictions for first-degree murder, Mich. Comp. Laws § 750.316, assault with intent to commit murder, Mich. Comp. Laws § 750.83, possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. His grounds for relief are that (1) he was denied his right to counsel at a critical stage, (2) the felony

complaint and arrest warrant were defective, (3) the state court never obtained jurisdiction, and it failed to arraign him on the Information, and (4) the court failed to obtain jurisdiction for the preliminary examination. (ECF No. 1, PageID.4-5.)

In a motion to dismiss the petition, Respondent argues that Petitioner failed to comply with the one-year statute of limitations for habeas petitions. (ECF No. 7.) Because the Court agrees with the State, Respondent's motion to dismiss is GRANTED and Petitioner's habeas petition is DISMISSED.

**I. Background**

On November 29, 2005, following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree murder, Mich. Comp. Laws §750.316, assault with intent to commit murder, Mich. Comp. Laws §750.83, felony-firearm, Mich. Comp. Laws §750.227b, and possession of a firearm by a felon, Mich. Comp. Laws §750.224f. (ECF No. 8-6, PageID.104-105.) On December 16, 2005, the trial court sentenced Petitioner to life imprisonment for the murder conviction, 23 to 50 years in prison for the assault conviction, 5 years for the felony-firearm conviction, and 2 to 5 years for the felon-in-possession conviction.

(ECF No. 8-7 at PageID.715.) The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* decision. *See People v. Wallace*, No. 267724, 2007 WL 1611842 (Mich. Ct. App. June 5, 2007). (ECF No. 8-14). On October 29, 2007, the Michigan Supreme Court denied leave to appeal. *See People v. Wallace*, 480 Mich. 924 (2007). (ECF No. 8-17.)

On August 11, 2008, Petitioner filed a motion for relief from judgment in the state trial court. (ECF No. 8-8.) On March 31, 2009, the trial court denied Petitioner's motion. (ECF No. 8-9.) Petitioner missed the deadline for appealing the trial court's decision, and on July 13, 2010, the Michigan Court of Appeals dismissed his delayed application for leave to appeal. *See People v. Wallace*, No. 297303 (Mich. Ct. App. July 13, 2010). (ECF No. 8-15.) Petitioner did not appeal the Court of Appeals order to the Michigan Supreme Court. *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court. (ECF No. 8-13.)

Several years later in 2017, Petitioner filed a state complaint for the writ of habeas corpus in Montcalm County Circuit Court. On August 2, 2017, the state circuit court denied the complaint because the court was "not convinced" that there was a radical jurisdictional defect

warranting habeas relief. *See Wallace v. Jackson,* No. 17-K-22769-AH (Montcalm Cty. Cir. Ct. Aug. 2, 2017). (ECF No. 8-108, PageID.41-42.)

Petitioner then filed a complaint for the writ of habeas corpus in the Michigan Court of Appeals on November 27, 2017. (ECF No. 8-10.) The Michigan Court of Appeals denied the complaint. *See Wallace v. Bellamy Creek Correctional Facility Warden*, No. 341374 (Mich. Ct. App. May 22, 2018). (ECF No. 8-16.) On December 4, 2018, the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." *See Wallace v. Bellamy Creek Correctional Facility Warden,* 503 Mich. 914 (2018).

Petitioner signed and dated his petition for habeas corpus on December 7, 2018. (ECF No. 1, PageID.6.) As noted above, Respondent urges the Court to dismiss the petition as untimely. (ECF No. 7.)

## II. Analysis

### A. The Statute of Limitations

Petitioner's habeas petition is subject to the stringent provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because he filed the petition after AEDPA became effective in 1996. *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018). AEDPA

4

established a one-year period of limitations for state prisoners to file federal habeas corpus petitions. *See id.*; 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (quoting 28 U.S.C. § 2244(d)(2)).

## B. Application

Petitioner is not relying on a newly recognized constitutional right that is retroactively applicable to cases on collateral review. *Cf.* 28 U.S.C. §§ 2244(d)(1)(C). Nor is he relying on newly discovered facts. *Cf.* 28 U.S.C. §§ 2244(d)(1)(D). He also has not alleged that some state action prevented him from filing a timely petition. *Cf.* 28 U.S.C. § 2244 (d)(1)(B). Therefore, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review."

The Supreme Court has explained that

> [f]or petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Petitioner did not apply for a writ of certiorari in the United States Supreme Court after the Michigan Supreme Court denied leave to appeal on direct review, and the deadline for doing so was January 27, 2008, ninety days after the Michigan Supreme Court's order of October 29,

6

2007. *See* Sup. Ct. R. 13.1 (stating that a petition for writ of certiorari to review a judgment entered by a state court of last resort is timely if filed within ninety days after entry of the judgment). Thus, under *Gonzalez,* Petitioner's convictions became final on January 27, 2008. The statute of limitations began to run on the following day, January 28, 2008. Fed. R. Civ. P. 6(a)(1)(A); *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002).

The statute of limitations continued to run until August 11, 2008, when Petitioner filed his motion for relief from judgment. The motion tolled the limitations period under 28 U.S.C. § 2244(d)(2), but the limitations period had already run 196 days at that point: from January 28, 2008, the day after Petitioner's convictions became final, through August 10, 2008, the day before he filed his motion for relief from judgment.

The state circuit court denied Petitioner's motion for relief from judgment on March 31, 2009. Petitioner then had one year—until March 31, 2010—to appeal the trial court's decision.[1] *See Holbrook*, 833 F.3d at

---

[1] Although the current deadline for appealing a circuit court's decision on a motion for relief from judgment is six months, *see* Mich. Ct. R. 6.509(A) and Mich. Ct. R. 7.205(G)(3), the deadline was twelve months

7

619 (noting that AEDPA's one-year statute of limitations was tolled during the period in which the habeas petitioner could have, but did not, appeal the denial of his motion for post-conviction relief). Petitioner did not file a timely appeal from the trial court's decision on his post-conviction motion, and on July 13, 2013, the Michigan Court of Appeals dismissed Petitioner's appeal as untimely. *See People v. Wallace*, No. 297303 (Mich. Ct. App. July 13, 2010). (ECF No. 8-15).

"[O]nly a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court." *Evans v. Chavis*, 546 U.S. 189, 197 (2006). Thus, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Board v. Bradshaw*, 805 F.3d 769, 774 (6th Cir. 2015) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). In other words, "untimely state collateral attacks are not properly filed and do not toll the statute of limitations." *Raglin v. Randle*, 10 F. App'x 314, 315 (6th Cir. 2001).

---

in 2009. *See* Mich. Ct. R. 7.205, Staff Comment to the June 2011 Amendment (noting that the 2011 amendment to Michigan Court Rule 7.205 reduced the late appeal period from twelve months to six months).

8

This means that, in Petitioner's case, the limitations period was not tolled after the expiration of the time for appealing the trial court's decision on Petitioner's motion for relief from judgment. Instead, the limitations period resumed running on April 1, 2010, the day after the deadline for appealing the state court's decision. Because the limitations period had already run 196 days at that point, it expired 169 days later, on September 16, 2010.

Petitioner filed his habeas corpus petition more than eight years later. Furthermore, even if his 2017 state complaint for a writ of habeas corpus were deemed a properly filed application for post-conviction review under § 2244(d)(2), the complaint did not revive or restart the limitations period because the statute of limitations had already expired by that time. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Therefore, the habeas petition is time-barred, absent equitable tolling or a credible claim of actual innocence.

### C. Equitable Tolling

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a habeas petitioner "is entitled to equitable tolling only if he

9

shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotations omitted).

Petitioner alleges in his reply to the State's motion that he has been diligent in presenting facts to the court and that he is entitled to the writ of habeas corpus because the Wayne County Circuit Court lost jurisdiction to try or convict him when he appeared at the arraignment without the aid of counsel. (ECF No. 9, PageID.1.) It appears, however, that Petitioner did not raise that claim until 2017—seven years after his limitations period expired—when he filed his state complaint for the writ of habeas corpus. (ECF No. 8-16, PageID.2-3.)

The Court, therefore, concludes that Petitioner did not pursue his claims diligently. Additionally, he has not shown that extraordinary circumstances stood in his way of filing a timely habeas petition. He is not entitled to equitable tolling of the limitations period. *Holland*, 560 U.S. at 649.

### D. Actual Innocence

Actual innocence, if proved, serves as a "gateway . . . enabl[ing] habeas petitioners to overcome a procedural bar to consideration of the

merits of their constitutional claims." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But Petitioner is not claiming to be actually innocent of the crimes for which he is incarcerated, and "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id.* at 394. Petitioner, therefore, is not entitled to pass through the actual-innocence gateway and have his claims heard on the merits.

## III. Conclusion

Petitioner's habeas petition is time-barred, and he is not entitled to equitable tolling of the limitations period. Furthermore, a miscarriage of justice will not result from the Court's failure to address the merits of his claims.

Accordingly, the State's motion to dismiss the petition (ECF No. 7) is **GRANTED**, and the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

The Court declines to issue a certificate of appealability because reasonable jurists could not debate whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The

Court denies leave to appeal this decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Date: March 19, 2020

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge